```
      IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MARYLAND
```

|                           |   |                              |
|---------------------------|---|------------------------------|
| MARK GRIFFIN              | : |                              |
|                           | : |                              |
| v.                        | : | Civil Action No. DKC 18-1959 |
|                           | : |                              |
| WRIGHT MEDICAL TECHNOLOGY, INC., et al. | : |               |

**MEMORANDUM OPINION**

This products liability case is before the court after transfer from Multidistrict Litigation No. 2329, *In re: Wright Medical Technology, Inc., Conserve Hip Implant Products Liability Litigation*. Counsel for Mr. Griffin, who had been representing him in the MDL, moved to withdraw representation on August 6, 2019. ECF No. 19. On August 29, 2019, that motion was granted, with the notation that local counsel, Jonathan Beiser, remained as counsel. ECF No. 22. Thereafter, Mr. Beiser moved to withdraw, stating that he and his law firm acted solely as "local counsel" and were not in a position to continue as sole counsel. ECF No. 24. Mr. Griffin wrote to the court, requesting that Mr. Beiser not be allowed to withdraw because Plaintiff would not be able to secure another attorney for this litigation. ECF No. 27. Mr. Beiser responded, again stating that he does not handle products liability cases so that he would not provide appropriate representation. He

advised that he has inquired of Mr. Houssiere whether he could recommend alternative counsel.  ECF No. 28.

The motion to withdraw will be granted.  As this court stated in *Abbott v. Gordon*, No. CIV.A. DKC 09-0372, 2010 WL 4183334, at *1-2 (D. Md. Oct. 25, 2010):

> The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (*citing Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994) and *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Pursuant to Local Rules 703 and 704, lawyers practicing in this court are subject to the Maryland Lawyer's Rules of Professional Conduct 1.16 (substantially the same as the ABA Model Rules of Professional Conduct), which provide a benchmark for when withdrawal may be permitted. Maryland Rule 16-812, MRPC 1.16 subsection (a) addresses mandatory withdrawal, and subsection (b) addresses permissive withdrawal. Subsection (b) states:
>
>> Except as stated in paragraph (c) a lawyer may withdraw from representing a client if:
>>
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>>
>> (2) the client persists in a course of action involving the lawyer's services

> that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.
>
> Md Rule 16-812, MRPC 1.16(b). Subsection (c) states: "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." MRPC 1.16(c).

Here, the primary, out of state, attorney who was representing Mr. Griffin in the MDL has already withdrawn, without objection by Plaintiff, and Mr. Beiser, who only participated as local counsel, is not in a position to provide appropriate representation going

forward.  The record reflects that Mr. Griffin was advised some time ago that his primary counsel would be moving to withdraw and that he should make efforts to secure alternate representation if desired.  In part because Plaintiff did not object to that withdrawal, the record does not reflect any reason for it.  Proper notice was given to Plaintiff, however, and his concern over being able to secure alternate counsel does not justify requiring local counsel to remain in the case.

/s/
DEBORAH K. CHASANOW
United States District Judge
