IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK GRIFFIN                         :

   v.                                 :   Civil Action No. DKC 18-1959

WRIGHT MEDICAL TECHNOLOGY, INC.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are (1) Defendant's motion to compel Plaintiff to respond to discovery requests which was filed by Defendant Wright Medical Technology, Inc. ("WMT") on August 28, 2019 (ECF No. 21), and (2) Defendant's motion to dismiss as a sanction for failure to provide discovery. (ECF No. 34).

WMT's first motion claimed that it had not received Plaintiff's responses to: 1) the first request for production of documents; 2) the first interrogatories; and 3) a HIPAA authorization signed by Plaintiff. The motion sought an order directing Plaintiff to provide responses to the discovery requests. The second motion argues that Plaintiff's failure to provide the requested discovery responses amounts to a failure to prosecute and is a basis for dismissal. (ECF No. 34).

## I. Background

This multi-district product liability action was remanded from the United States District Court for the Northern District of Georgia in June, 2018. (ECF No. 4). Counsel for Defendant Robert Hopkins moved for the *pro hac* admission of co-counsel Dana Ash and Anne Gruner on July 16. (ECF Nos. 7, 8, and 9). Counsel for Plaintiff Jonathan Beiser moved for the *pro hac* appearance of Charles R. Houssiere III on August 6. (ECF No. 12). The court convened a scheduling telephone conference with counsel on August 29 and, based on their discussions, issued a scheduling order with a discovery period of a little over a year. (ECF No. 16). While Plaintiff's initial complaint named both Wright Medical Technology, Inc. *and* Wright Medical Group, Inc. as defendants, on September 26, 2018, Plaintiff filed an amended complaint, naming only Wright Medical Technology, Inc. as a defendant. (ECF No. 17). Accordingly, the clerk will be directed to amend the docket to reflect that Wright Medical Group, Inc. is no longer a defendant.

Plaintiff's *pro hac* counsel Charles Houssiere, III filed a motion to withdraw as counsel on August 6, 2019. (ECF No. 19). Defendant filed a joint motion with Plaintiff to extend the discovery period (ECF No. 20) and a motion to compel Plaintiff to respond to discovery requests (ECF No. 21) on August 28, 2019. The joint motion to extend the discovery period stated that

2

Plaintiff had not responded to discovery requests and argued that an extension of the discovery period was needed 1) to allow Plaintiff to determine if he intended to pursue this case and, if so, 2) to find counsel, and 3) to enable the parties to complete discovery. The motion was granted and fact discovery was extended to December 2, 2019. (ECF No. 23). Having received no response in opposition, the court granted Mr. Houssiere's motion to withdraw as unopposed on August 29, 2019. (ECF No. 22).

Plaintiff's remaining attorney, Jonathan Beiser, moved to withdraw on September 17, 2019, stating that he participated in this case only as local counsel and that his practice does not handle products liability cases. (ECF No. 24). Plaintiff filed an opposition on September 30, 2019 (ECF No. 27) and Mr. Beiser filed a reply on October 9, 2019 (ECF No. 28). The court granted Mr. Beiser's motion to withdraw on October 11, 2019 and advised Plaintiff that the case would proceed with himself acting as his own attorney (*pro se*) until new counsel enters an appearance on his behalf. (ECF Nos. 29, 30).

WMT filed correspondence requesting the court to rule on its motion to compel on October 15, 2019. (ECF No. 31). The court, recognizing Plaintiff's *pro se* status, provided Plaintiff until November 8 to respond to the discovery requests. (ECF No. 32).

Plaintiff filed a motion for an extension of time to respond to discovery requests on November 6, 2019. (ECF No. 33). WMT

filed a motion to dismiss on November 13, 2019, arguing that Plaintiff's failure to provide the requested discovery responses amounts to a failure to prosecute and is a basis for dismissal. (ECF No. 34). The Clerk issued a notice to Plaintiff on November 13 advising him of his right to file a response to WMT's motion to dismiss within seventeen (17) days. (ECF No. 35).

WMT filed a motion to extend the discovery period on November 20, 2019 (ECF No. 36) which the court granted on November 21, extending the discovery period to April 2, 2020. (ECF No. 37).

Plaintiff's motion seeking an extension of time to respond to discovery requests was granted on November 22 and Plaintiff was provided a final extension – until December 23, 2019, to respond to discovery requests. (ECF No. 38).

WMT filed correspondence on December 31, 2019, requesting the court to rule on its motion to dismiss, reporting that to date Plaintiff has not responded to the discovery requests, to the pending motion to compel, or to the pending motion to dismiss. (ECF No. 39).

## II. Analysis

A party is obligated to respond to written discovery requests in a timely fashion. Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to

4

> testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Furthermore, a party's failure to obey an order to provide or permit discovery may also result in dismissal of an action. *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985). The drastic sanction of dismissal may not be imposed except in the most compelling circumstances. In determining the proper sanction, a district court applies a four-factor test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.
>
> Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates*, *Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (internal citations omitted).

Although not strictly applicable in discovery failure situations, Judge Hollander recently stated with regard to Fed.R.Civ.P. 41(b):

> In order to evaluate whether dismissal under Rule 41(b) for failure to prosecute is appropriate, the Fourth Circuit has articulated a four-factor test: a court must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). The Fourth Circuit has said: "While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. 'Against the power to prevent delays must be weighed the sound public policy of deciding

6

> cases on their merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (citation omitted). Therefore, only "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

*O'Briant v. GAF Corp.*, No. CV ELH-18-2457, 2019 WL 5625761, at *5 (D. Md. Oct. 31, 2019).

The United States Court of Appeals for the Fourth Circuit "require[s] district courts 'to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice' as a sanction for misconduct." *Okpala v. Computer Sciences Corp., CSC*, 585 Fed. Appx. 298 (4th Cir. 2014) (citing *Choice Hotels Int'l, v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993)). Although Plaintiff has repeatedly been directed to respond to the discovery requests, the motion to compel was not granted explicitly, nor was he clearly warned that dismissal would follow his failure to comply. Thus, at present the motion to compel will be granted, but the motion to dismiss will be denied without prejudice. Mr. Wright will be ordered to comply with the discovery requests no later than January 29, 2020. He is forewarned, moreover, that failure to respond will result in dismissal of the case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
