```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| MARK GRIFFIN | : |
|  | : |
| v. | : Civil Action No. DKC 18-1959 |
|  | : |
| WRIGHT MEDICAL TECHNOLOGY, INC. | : |
|  | : |

**MEMORANDUM OPINION**

This multi-district product liability action was remanded from the United States District Court for the Northern District of Georgia in June 2018. (ECF No. 4). Plaintiff filed an amended complaint on September 26, 2018. (ECF No. 17). Plaintiff's *pro hac* counsel's unopposed motion to withdraw was granted on August 29, 2019. (ECF No. 22). The court granted Plaintiff's remaining attorney's motion to withdraw on October 11, 2019. (ECF No. 29).

Defendant moved to compel discovery responses and a HIPAA-compliant medical authorization to enable for the collection of medical records from Plaintiff on August 28, 2019. (ECF No. 21). Although Plaintiff had requested and received extensions, he failed to respond to either the motion to compel or Defendant's discovery requests. (ECF Nos. 23, 32, and 38). The motion to compel was granted on January 8, 2020, and Plaintiff was provided until January 29, 2020, to provide full and complete responses to

Defendant's discovery requests.  (ECF Nos. 40 and 41).  He was explicitly warned that failure to comply would result in dismissal.

Defendants filed motions to dismiss on February 4, 2020, and on March 16, 2020, based on Plaintiff's continued failure to respond to discovery.  (ECF Nos. 42 and 44).  Plaintiff was warned that if he did not file a timely written response, his case may be dismissed without further notice.  (ECF Nos. 43 and 45).  No response from Plaintiff has been received.

Defendant seeks dismissal with prejudice as the sanction for failure to participate in the discovery process.  As fully explained by Judge Grimm in *Johnson v. Diversified Consultants, Inc.*, 2016 WL 1464549 (D.Md. April 13, 2016), dismissal with prejudice must be reserved for the most egregious cases.  Here, Mr. Griffin has failed to participate in discovery or comply with the order to compel, but he has been indicating, since his attorneys were permitted to withdraw, that he was seeking replacement counsel.  He has not communicated with the court in more than five months, however, despite the repeated notices sent by the clerk regarding Defendant's motions.  Under the circumstances, the motion to dismiss will be granted, albeit without prejudice.  Without prejudice, however, does not mean without consequences.  As the United States Supreme Court has noted, "dismissal without prejudice" means "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the

applicable limitations period[.]" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Thus, if the applicable limitations periods on Mr. Griffin's claims have run, Defendants will, in the event of any future refiling, be able to raise a statute of limitations defense. A separate order will be entered.

                                                     /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge